# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 11, 2018   Decided March 15, 2019

No. 18-7066

ROBERT SHI, AS EXECUTORS OF THE WILL OF YUEH-LAN
WANG, ET AL.,
APPELLANTS

v.

NEW MIGHTY U.S. TRUST, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01743)

———

*Daniel S. Weinberger* argued the cause and filed the briefs for appellants.

*John L. Gardiner* argued the cause for appellees. With him on the brief were *Andrew Muscato* and *David B. Leland*.

Before: ROGERS, GRIFFITH and PILLARD, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This is the second time this case has come before the court. The first time the court held that the

district court had jurisdiction and reversed the dismissal of the complaint for lack of diversity. *Wang ex rel. Wong v. New Mighty U.S. Trust*, 843 F.3d 487 (D.C. Cir. 2016). The underlying factual circumstances are summarized there. *See id*. at 488–89. Suffice it to say, in 2010, Yueh-Lan Wang, the widow of Taiwanese plastics magnate and billionaire Yung-Ching ("Y.C.") Wang, sued three D.C.-based entities (hereinafter "the Trusts") created before her husband's death, alleging that the transfer of a large portion of her husband's assets to the Trusts unlawfully denied her the full marital estate to which she was entitled. Suing initially through Dr. Wong to whom she had granted her power of attorney and upon her death in 2012 through the executors of her estate, the widow raised claims under District of Columbia and Taiwanese law. After seven years of litigation on whether diversity jurisdiction exists, as well as litigation in Taiwan to appoint executors for her estate, the Trusts moved to dismiss the complaint on *forum non conveniens* grounds. The district court granted the motion, subject to conditions that the Trusts consent to process and jurisdiction in Taiwan and also waive statute of limitations defenses, their necessary or indispensable parties argument, and challenges to the power of attorney used to file suit. *Hsu v. New Mighty U.S. Trust*, 288 F. Supp. 3d 272 (D.D.C. 2018); *Hsu v. New Mighty U.S. Trust*, 308 F. Supp. 3d 178 (D.D.C. 2018).

The Executors of the widow's estate appeal. They do not contest that Taiwan is an adequate alternative forum to the extent its judicial system could, with the Trusts' consent, assert jurisdiction over them and afford some type of remedy for the widow's claims, *see Hsu*, 288 F. Supp. 3d at 282–86. Instead, the Executors contend the district court's balancing misapplied the private and public factors and consequently failed to hold the Trusts to their heavy burden when it dismissed the

complaint. For the following reasons, we conclude we must reverse and remand the case to the district court.

## I.

The Supreme Court has instructed both that a court may decline to exercise jurisdiction pursuant to the doctrine of *forum non conveniens* only "in exceptional circumstances," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947), and that "[a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). In determining whether to dismiss a case on *forum non conveniens* grounds, the district court "must decide (1) whether an adequate alternative forum for the dispute is available and, if so, (2) whether a balancing of private and public interest factors strongly favors dismissal." *Agudas Chasidei Chabad of U.S. v. Russian Federation*, 528 F.3d 934, 950 (D.C. Cir. 2008). The court must balance the relevant private and public interest factors in light of the degree of deference the plaintiff's choice of forum deserves. *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676–77 (D.C. Cir. 1996), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gilbert*, 330 U.S. at 508.

This court's review of the dismissal of a complaint on *forum non conveniens* grounds is for "clear abuse of discretion" because that "determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Such abuse occurs where the trial court "fails to consider a material factor or clearly errs in evaluating the factors before it, or does not hold the defendants to their burden of persuasion." *Simon v. Republic of Hungary*, 911

4

F.3d 1172, 1182 (D.C. Cir. 2018) (quoting *El-Fadl*, 75 F.3d at 677). This court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1156 (D.C. Cir. 2005).

**A.**

The Executors contend as a threshold matter that the district court erred in granting the Trusts' motion to dismiss on *forum non conveniens* grounds because this ground was not raised until seven years after the litigation began. The Executors point to decisions in a number of circuits that have concluded the defendant must file a motion to dismiss for *forum non conveniens* "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir. 1987), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989); *accord Rustal Trading US, Inc. v. Makki*, 17 F. App'x 331, 338 (6th Cir. 2001); *see also SerVaas Inc. v. Republic of Iraq*, 540 F. App'x 38, 41–42 (2d Cir. 2013); *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003); *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991); *Cable News Network L.P. v. CNNews.com*, 177 F. Supp. 2d 506, 528 (E.D. Va. 2001), *aff'd in part and vacated in part on other grounds*, 56 F. App'x 599 (4th Cir. 2003). These courts have recognized that the longer litigation continues in a U.S. court and the parties incur expenses before the defendant moves to dismiss on *forum non conveniens* grounds, the less the defendant can legitimately claim that litigation in a U.S. forum is so inconvenient as to be oppressive or harassing. *See, e.g.*, *Air Crash*, 821 F.2d at 1165. In other words, as regards the costs to the parties and the courts that must be considered when balancing the private and public

interests, "a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve," *id.*, which weighs against dismissal. *See id.* at 1165 & n.30; *Zelinski*, 335 F.3d at 643.

Here, the facts and circumstances that underlie the *forum non conveniens* ground remained virtually unchanged since the complaint was filed in 2010, yet the Trusts did not move to dismiss the complaint on this ground until 2017, after this court reversed the dismissal for lack of diversity and remanded the case. In a memorandum of law filed in 2012, the Trusts stated in a footnote they "reserve[d] their right" to move to dismiss the complaint on *forum non conveniens* grounds, indicating they recognized certain facts and circumstances existed at the time that could justify such a motion. Some of the delay is attributable to litigation on the appointment of executors for the widow's estate in Taiwan, and some is attributable to this court holding her appeal in abeyance pending the Supreme Court's decision in *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012 (2016). Still, the same law firm and lawyer representing the Trusts in the D.C. litigation also represented defendants (one of whom manages the Trusts based in D.C.) in a similar suit filed by the widow on the same day in the federal court in New Jersey, *see Shu v. Wang*, No. 10-5302, 2016 WL 6080199, at *4–5 (D.N.J. Oct. 17, 2016), and filed a *forum non conveniens* motion in 2011, just 9 months after the complaint was filed, *id.* at *5. Meanwhile, instead of moving to dismiss for *forum non conveniens*, the D.C.-based Trusts incurred substantial expenses pursuing other litigation strategies, including a motion to dismiss for lack of diversity jurisdiction, a petition for a writ of certiorari to the Supreme Court, and oppositions to the Executors' motions to substitute for the widow in this court and the district court. All the while, the Trusts also challenged the validity of the widow's power of attorney under Taiwan law and sought dismissal for failure to

state a claim on the same Taiwanese law issues that they now claim are too foreign and difficult for a U.S. court to handle. The Trusts proceeded, moreover, to obtain declarations from Taiwanese law professors interpreting Taiwanese law issues.

Although this litigation is still in its early stages despite its advanced age, it is not at the beginning of litigation efforts by any standard, and the parties and the judiciary have incurred substantial costs. Even if the Trusts did not waive their *forum non conveniens* argument by not raising it earlier, an issue we need not decide for the reasons we explain, their willingness to undergo litigation for seven years in the U.S. federal courts before raising it weighs against dismissal of the widow's complaint.

**B.**

The Executors are on firm ground in contending that the district court erred by failing to give appropriate weight to the widow's choice to sue in the District of Columbia rather than in Taiwan. Although a U.S. plaintiff's choice of forum is ordinarily entitled to significant deference because the court may "assume that this choice is convenient," that assumption "applies with less force" to foreign plaintiffs. *Piper*, 454 U.S. at 255–56; *see also Sinochem*, 549 U.S. at 430. But the conclusion that "a foreign plaintiff's choice deserves less deference," *Piper*, 454 U.S. at 256, is a matter of degree. Deference may be appropriate, *see, e.g.*, *Lony*, 935 F.2d at 609; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011), and certain considerations may make litigation in a U.S. court the most convenient choice even for foreign plaintiffs, *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 494 (6th Cir. 2016); *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154–55 (2d Cir. 2005); *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989); *cf. Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir.

2001). Even if the plaintiff resides outside of the forum, these courts have understood the Supreme Court's reasoning to "instruct[] that [they] give greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons, including the plaintiff's convenience and the ability . . . to obtain jurisdiction over the defendant, and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage." *Iragorri*, 274 F.3d at 73; *see also Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003). To the extent the Executors contend for the first time, however, that they were entitled the same deference due U.S. plaintiffs under the Treaty of Friendship, Commerce and Navigation between the United States and Taiwan, this argument is forfeited. *United States v. Layeni*, 90 F.3d 514, 522 (D.C. Cir. 1996).

The widow had no choice but to sue the D.C.-based entities here because they did not appear to be subject to jurisdiction anywhere other than in the United States. *See Associação Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 619 (6th Cir. 2018); *Tech. Dev. Co. v. Onischenko*, 174 F. App'x 117, 122 (3d Cir. 2006); *Norex*, 416 F.3d at 155–56. The doctrine of *forum non conveniens* is premised on the assumption that there are "at least two forums in which the defendant is amenable to process," and "furnishes criteria for choice between them." *Gilbert*, 330 U.S. at 506–07. The district court recognized that the Trusts "effectively concede that they are not amenable to process in Taiwan," *Wang ex rel. Wong v. New Mighty U.S. Trust*, 322 F.R.D. 11, 25 (D.D.C. 2017), and a Taiwanese forum became available only when the Trusts acceded to it as a condition of dismissal here. Although a district court may dismiss a complaint on *forum non conveniens* grounds even where the plaintiff had no alternative forum available until the defendants later consented to appear in their preferred forum, *Schertenleib v. Traum*, 589

F.2d 1156, 1164 (2d Cir. 1978), the lack of an original alternative forum constitutes a "legitimate reason" for a foreign plaintiff's choice of a U.S. forum. *Stryker*, 891 F.3d at 619; *Norex*, 416 F.3d at 155–56. Furthermore, the Trusts were sued in their home jurisdiction, which weighs heavily against dismissal. *Schertenleib*, 589 F.2d at 1164; *see also Galustian v. Peter*, 591 F.3d 724, 732 (4th Cir. 2010); *Reid-Walen v. Hansen*, 933 F.2d 1390, 1395 (8th Cir. 1991). The district court clearly failed to adequately address these circumstances in determining the amount of deference to accord the widow's choice of forum.

## C.

The Executors further persuasively contend the district court clearly erred in finding that the private interest factors even "slightly" favor dismissal. The considerations governing the private interest analysis include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive[, such as] enforc[ea]bility of a judgment if one is obtained [and] relative advantages and obstacles to fair trial." *Gilbert*, 330 U.S. at 508. A plaintiff "may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id*. Dismissal in favor of suit elsewhere "will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice," such as where a plaintiff chooses a particular forum "solely in order to harass the defendant or take advantage of favorable law." *Piper*, 454 U.S. at 249 & n.15.

The district court concluded that the language barrier was a "substantial obstacle" to access to relevant evidence in the District of Columbia. *Hsu*, 288 F. Supp. 3d at 288. To the extent translation is considered a significant obstacle in this day and age, that obstacle will exist regardless of where this case is tried. *See Simon*, 911 F.3d at 1186; *de Csepel v. Republic of Hungary*, 714 F.3d 591, 605 (D.C. Cir. 2013). The district court focused on the need to interpret a Tax Settlement Agreement cited in the Trusts' motions to dismiss for failure to state a claim, regarding whether the other two women who bore Y.C. children were also his wives. *See Hsu*, 288 F. Supp. 3d at 288. But in evaluating the convenience to each party, "the court should focus on the precise issues that are likely to be actually tried, taking into consideration the convenience of the parties and the availability of witnesses and the evidence needed for the trial of these issues." *Iragorri*, 274 F.3d at 74. The widow's claims focus on whether Y.C. owned the assets that were transferred to the Trusts and whether Y.C. formed the Trusts to reduce the widow's share of the Marital Estate. The documents related to these claims are likely to be in English because the relevant transactions were between entities formed in English-speaking countries, and the witnesses who could provide information about these transactions, such as the lawyers and tax advisors who created the Trusts and officers of the U.S. subsidiaries whose stock holdings were transferred, speak English. Whether another "wife" has claims to any assets that may be added to the Marital Estate as a result of the widow's lawsuit may be an issue in this litigation down the line, but the widow's claims do not center chiefly on Taiwanese-language documents. By placing "undue emphasis" on an issue that is "of secondary importance," the district court distorted the *forum non conveniens* analysis. *R. Maganlal & Co. v. M.G. Chemical Co.*, 942 F.2d 164, 165, 168 (2d Cir. 1991).

The district court also concluded that the issue of the availability of witnesses and evidence "hangs in equipoise." *Hsu*, 288 F. Supp. 3d at 290. Logistical hurdles to obtaining evidence and voluntary testimony in the United States present less of a problem than they used to in light of technological advances and the ease of international travel. *See Simon*, 911 F.3d at 1186; Maggie Gardner, *Retiring Forum Non Conveniens*, 92 N.Y.U. L. Rev. 390, 409 (2017). The record indicates the widow may face more difficulty compelling witness testimony in Taiwan than the Trusts will in the United States. The Trusts do not suggest they will be unlikely to persuade their proposed witnesses located abroad — the "Trust Managers" and other of Y.C.'s companies' employees — to appear voluntarily in a U.S. court, weighing against dismissal. *See Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 342–43 (8th Cir. 1983). In contrast, some of the widow's proposed witnesses are less likely to testify voluntarily. U.S. witnesses are subject to subpoena by U.S. courts, and those courts can reach foreign non-party witnesses through the Hague Evidence Convention[1] and letters rogatory. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 540–41 (1987); Fed. R. Civ. P. 28(b). Taiwanese courts do not appear to have such reliable mechanisms of compulsory process. *See generally Manu Int'l, S.A. v. Avon Prods., Inc.*, 641 F.2d 62, 67 (2d Cir. 1981); Expert Decl. of Prof. Tsung-Fu Chen, ¶ 75 (Nov. 16, 2017); Reply Expert Decl. of Prof. Tsung-Fu Chen, ¶¶ 150–52 (May 31, 2017).

---

[1] *See* Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, List of Contracting Parties, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Feb. 19, 2019).

The district court failed to address the enforceability of judgments in its private interest analysis at all, despite acknowledging that it must balance this issue. *Hsu*, 288 F. Supp. 3d at 285–86. The enforcement of judgments presents a hurdle to trial in Taiwan given that the funds at issue are not located in Taiwan. If the widow obtains a judgment against the Trusts in Taiwan, then another lawsuit would have to be filed in the United States to enforce the Taiwanese judgment. *See Nemariam v. Federal Democratic Republic of Ethiopia*, 315 F.3d 390, 395 (D.C. Cir. 2003).

Despite the Supreme Court's instruction that the defendant must make a strong showing that a foreign forum is more convenient, *Piper*, 454 U.S. at 249, the district court recognized significant hurdles to access to evidence and availability of witnesses in Taiwan but concluded that in the aggregate this factor "weighs slightly in favor of dismissal." *Hsu*, 288 F. Supp. 3d at 289. This conclusion does not follow from the district court's analysis that the parties will confront serious hurdles in either forum. The district court clearly failed to hold the Trusts to their "heavy burden" to show that a foreign forum is significantly more convenient than a U.S. forum, *Sinochem*, 549 U.S. at 430, that is their home jurisdiction.

### D.

The Executors' challenges to the district court's weighing of the public interest factors, *see Hsu*, 288 F. Supp. 3d at 293, are also persuasive. The considerations governing the public interest analysis include the "[a]dministrative difficulties" when "litigation is piled up in congested centers," the "burden" of jury duty on "a community which has no relation to the litigation," the "local interest in having localized controversies decided at home," and the "appropriateness" of trying a diversity case "in a forum that is at home with the state law that must govern the case, rather than having a court in some other

forum untangle problems in conflict of laws, and in law foreign to itself." *Gilbert*, 330 U.S. at 508–09.

The district court viewed the District of Columbia's interest in the widow's claims as "weak," concluding the "strong Taiwanese interests" "tip[] sharply in favor of dismissal." *Hsu*, 288 F. Supp. 3d at 291. The District of Columbia's interest in this litigation is not weak, though. Y.C. Wang and his associates are alleged to have reached into the District of Columbia to establish the Trusts, transferring assets to the Trusts and thereby availing themselves of the benefits of District of Columbia law on trusts. As in *DiRienzo v. Philip Services Corp.*, 294 F.3d 21, 32 (2d Cir. 2002), the widow's lawsuit exists only because Y.C. Wang and his associates utilized U.S. legal structures to devise their alleged tax and estate avoidance scheme, Second Am. Compl. ¶¶ 46–58. *See* Expert Decl. of Prof. Tsung-Fu Chen, ¶ 76 (Nov. 16, 2017). The Trusts can hardly complain now that they are burdened by being sued in their home jurisdiction when Y.C. Wang specifically bestowed upon the District of Columbia an interest in this case by establishing the Trusts here. A "defendant's home forum always has a strong interest in providing a forum for redress of injuries caused by its citizens." *Reid-Walen*, 933 F.2d at 1400. Although Taiwan and its citizens may have an interest in the division of the estate of one of their wealthiest citizens, Y.C. allegedly transferred significant assets into the United States in order to hide them and avoid legal responsibilities, Second Am. Compl. ¶¶ 37–45. In this circumstance, Taiwan's interest does not clearly outweigh the District of Columbia's interest in this dispute. *See DiRienzo*, 294 F.3d at 31–32.

The district court concluded that a jury composed of residents of the District of Columbia should not be burdened with this case. *Hsu*, 288 F. Supp. 3d at 293. There are

obviously significant contacts with the District of Columbia given the Trusts' operations here. "Any economic burden to the forum is justified because the defendant has undertaken both the benefits and burdens of citizenship and of the forum's laws." *Reid-Walen*, 933 F.2d at 1400. This impact on a jury of D.C. residents would not justify dismissing a case against D.C.-based entities on *forum non conveniens* grounds. *See id.*

The district court further concluded this litigation would require it to apply Taiwanese family and inheritance law, which "weighs strongly in favor of dismissal." *Hsu*, 288 F. Supp. 3d at 292. But the need to apply foreign law alone is "not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper*, 454 U.S. at 260 n.29. The widow alleges claims under District of Columbia and Taiwanese law, and U.S. courts regularly apply foreign law when conflict of laws principles demand it. *See Manu Int'l,* 641 F.2d at 67–68; *Mobil Tankers Co. v. Mene Grande Oil Co.*, 363 F.2d 611, 615 (3d Cir. 1966). The ultimate importance of interpreting Taiwanese law regarding division of the Marital Estate among multiple putative "wives" is unclear because the widow's lawsuit centers on the *size* of the estate to be divided, not how it is to be divided. As discussed, the district court therefore placed undue emphasis on whether Pao Chu Lee was legally a wife of Y.C. Wang, a question that is at most only of secondary importance to the widow's case.

The district court clearly erred in overemphasizing the public interest factors, particularly the need to answer difficult questions of Taiwanese law that may have no or minimal bearing on the widow's suit. And in view of Y.C. Wang's decision to establish the Trusts in the District of Columbia and take advantage of both the benefits and burdens under District of Columbia law, even a complex trial in the widow's chosen

forum and the Trusts' home jurisdiction does not impose unjustified burdens or administrative difficulties on the district court.

Accordingly, we must reverse and remand the case to the district court for further proceedings.  The district court's errors, considered together, constitute a clear abuse of discretion.  The district court failed to give appropriate weight to the widow's legitimate choice of forum and erred in concluding that the private interest factors weighed slightly in favor of dismissal and in overemphasizing the public interest factors in deciding to dismiss this case on *forum non conveniens* grounds.  The doctrine of *forum non conveniens* is to be applied only in rare cases, and only where the defendant meets a heavy burden of showing that suit in the United States is so inconvenient as to be harassing, vexing, or oppressive.  No such showing has been made here.