# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued November 25, 2019       Decided January 10, 2020

No. 18-7193

IN RE: AIR CRASH OVER THE SOUTHERN INDIAN OCEAN ON
MARCH 8, 2014,

ELIZABETH SMITH, AS PERSONAL REPRESENTATIVE OF THE
SPOUSES, NEXT OF KIN, OTHER STATUTORY BENEFICIARIES,
AND THE ESTATES OF THE MH370 PASSENGERS (SEE
COMPLAINT FOR STATUTORY BENEFICIARIES), ET AL.,
APPELLANTS

v.

MALAYSIA AIRLINES BERHAD, DOING BUSINESS AS MALAYSIA
AIRLINES, ET AL.,
APPELLEES

———

Consolidated with 18-7195, 18-7196, 18-7197, 18-7198

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:16-mc-01184)

———

*Stephen F. Rosenthal* argued the cause for appellants
Thomas C. Gaspard, et al. With him on the briefs was *Floyd
A. Wisner.*

*Caitlyn E. Hubbard* argued the cause for appellant Thomas Wood.  With her on the briefs were *Marianne M. Auld* and *Hugh G. Connor II*.

*Mary Schiavo* was on the brief for appellants Elizabeth Smith, et al.  *Jodi W. Flowers* entered an appearance.

*Eric B. Wolff* argued the cause for appellees.  With him on the joint brief were *Gregory F. Miller*, *Telly Andrews*, and *Richard A. Walker*.  *Eric J. Rhine* entered an appearance.

Before: WILKINS and RAO, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: This appeal arises out of the unexplained disappearance of Malaysia Airlines Flight MH370 somewhere over the Southern Indian Ocean in the early hours of March 8, 2014. A series of extensive searches and investigations conducted over more than four years yielded no definitive answers as to the cause of this tragedy, and all passengers and crew members on board the flight are presumed dead. Representatives of many of the passengers filed lawsuits in the United States asserting, *inter alia*, Montreal Convention claims against Malaysia Airlines Systems Berhad, Malaysia's national airline at the time of Flight MH370, its current national airline, Malaysia Airlines Berhad, and the airlines' insurers, as well as state law products liability and wrongful death claims against Boeing, which manufactured the aircraft in question in Washington state.

Those lawsuits were centralized into a multidistrict litigation in the United States District Court for the District of Columbia and coordinated for pretrial purposes. Appellees moved jointly to dismiss for *forum non conveniens* and the district court granted that motion in full, concluding that Malaysia is a more convenient forum to hear all of the appellants' claims. While the Court has great sympathy for the victims of this tragedy and their families, we cannot disregard the narrow standard governing our review in this case. We conclude that the district court did not clearly abuse its discretion in dismissing appellants' lawsuits for *forum non conveniens* and affirm the decision in full.

I.

The district court's opinion recounts the factual history surrounding Flight MH370's disappearance and the ensuing investigations in detail. *See In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d 19 (D.D.C. 2018). We will therefore focus only on the facts pertinent to this appeal.

Malaysia Airlines Flight MH370 disappeared en route from Kuala Lumpur International Airport in Malaysia to Beijing, China, early in the morning on March 8, 2014. On board Flight MH370 were 227 passengers and 12 Malaysian crew members. The 227 passengers were of 14 nationalities, including 152 Chinese citizens, 38 Malaysian citizens, and 3 United States citizens. The aircraft in question was a Boeing 777-2H6ER that was designed and manufactured at Boeing's facility in Washington state and delivered to the airline in new condition in May 2002.

An extensive search for the missing aircraft ensued following the plane's disappearance. The search team

ultimately concluded that Flight MH370 likely crashed in the Southern Indian Ocean after running out of fuel, but neither the plane nor other critical pieces of evidence, such as the cockpit voice recorder and flight data recorder, were recovered. In addition to the search for physical evidence, the Malaysian government took the lead on a separate civil investigation into why Flight MH370 had disappeared. This investigation culminated in a 449-page report, which concluded that while the investigation team was "unable to determine the real cause for the disappearance of MH370," human interference or error were more likely the cause of the plane's disappearance than aircraft or system malfunction. In connection with this investigation and a related criminal investigation, the civil investigation team and the Malaysian government conducted numerous interviews of witnesses located in Malaysia, including airline employees, family members and acquaintances of the Malaysian crew, air traffic controllers, cargo shippers, and Malaysian investigators.

At the time of Flight MH370's disappearance, Malaysia Airlines Systems Berhad ("MAS") served as the national airline of Malaysia and the Malaysian government held a direct, controlling stake in the company. After the crash, the Malaysian government enacted the Malaysian Airline System Berhad (Administration) Act 2015 ("Act 765"). Act 765 incorporated a new, separate entity—Malaysia Airlines Berhad ("MAB")—as the new Malaysian national airline, transferred MAS's assets to MAB, and placed MAS under administration. Under the explicit terms of Act 765, MAB is not a successor corporation to MAS and has not assumed any of MAS's liabilities related to Flight MH370.

Beginning in early 2016, a total of forty lawsuits related to Flight MH370's disappearance were filed in various federal district courts across the United States, and the Judicial Panel on Multidistrict Litigation transferred them to the District of Columbia district court for pretrial proceedings. The various plaintiffs, all legal representatives or beneficiaries of decedents, divided into two groups in the proceedings below, one represented by Podhurst Orseck, P.A. and Wisner Law Firm, P.C. (the "Podhurst Appellants"), and another represented by Motley Rice LLC and Spagnoletti & Co. (the "Motley Rice Appellants"). The parties are largely the same on appeal, except that one appellant, Thomas Wood, now proceeds individually. Appellant Wood is a U.S. citizen and resident suing on behalf of his deceased brother, Philip Wood, a U.S. citizen who was living in Malaysia at the time of Flight MH370.[1]

Following more than a year of court-ordered discovery on various threshold issues, appellees filed a joint motion to dismiss under the doctrine of *forum non conveniens.* MAS/MAB also sought dismissal on other threshold grounds, including sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") and lack of subject matter

---

[1] Numerous civil cases arising out of Flight MH370's disappearance are also pending in Malaysia. Seventy-seven of the eighty-eight decedents represented in the legal actions that comprise this litigation are also represented in cases pending in Malaysia. Boeing has not been named as a party to any of the Malaysian suits to date, but Boeing has consented to the jurisdiction of the Malaysian courts and agreed to make all relevant evidence available in Malaysia as a condition of dismissal for *forum non conveniens*.

jurisdiction under the Montreal Convention. Relying on the Supreme Court's decision in *Sinochem International Co. v. Malaysia International Shipping Corp.*, the district court declined to reach the jurisdictional challenges and instead dismissed on the basis of *forum non conveniens*. *In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d at 35 (citing 549 U.S. 422, 425 (2007)). This timely appeal followed.

## II.

A party seeking dismissal for *forum non conveniens* bears the burden of showing both (1) that an adequate alternative forum is available to hear the dispute, and (2) if so, that the balance of certain public and private interest factors strongly counsels in favor of trying the dispute in the alternative forum. *See, e.g.*, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 934, 950 (D.C. Cir. 2008). The Supreme Court has instructed that "[t]he *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). So long as the district court "has considered all relevant public and private interest factors, and … its balancing of these factors is reasonable," we must afford that decision "substantial deference" and will overturn only if we find a "clear abuse of discretion." *Id.* Under this narrow standard, we find no basis to reverse the district court's reasoned decision.

First, the district court did not abuse its discretion when it concluded that Malaysia is an adequate, available forum for appellants' Montreal Convention and state law products liability and wrongful death claims. Only the Motley Rice Appellants directly challenge this determination on appeal.

They argue that the Malaysian government "has demonstrated clear intent to, and did, deprive [appellants] of any real adequate and available forum in Malaysia" through its enactment of Act 765, which transferred all of MAS's assets to MAB without deeming MAB a successor entity to MAS. For the first time on appeal, the Motley Rice Appellants also contend that Malaysian law would provide such insignificant damages for appellants' tort claims against Boeing that forcing appellants to try those claims in Malaysia would "obliterate[] any real likelihood of trial."

We agree with the district court that the enactment of Act 765 does not render Malaysia an inadequate forum. As the district court explained, MAS appears to have an insurance policy that would apply to appellants' Montreal Convention claims—and even assuming Act 765 did render MAS judgment proof, a U.S. forum would not provide any greater likelihood of redress. Moreover, because the Motley Rice Appellants failed to raise any challenge to the adequacy of tort damages under Malaysian law before the district court, those arguments are forfeited. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("Absent exceptional circumstances, a party forfeits an argument by failing to press it in district court.").

In any event, in the context of a *forum non conveniens* inquiry, "a foreign forum is not inadequate merely because it has less favorable substantive law." *Agudas Chasidei Chabad*, 528 F.3d at 950 (citation and quotation marks omitted); *accord Piper Aircraft*, 454 U.S. at 247 ("The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry."). Where, as here, it appears undisputed

that an alternative forum would provide a plaintiff at least some remedy, a district court acts within its discretion in deeming that forum an adequate alternative to a U.S. court. *See, e.g.*, *Piper Aircraft*, 454 U.S. at 254 n.22 (explaining that a forum will only be deemed inadequate "[i]n rare circumstances … where the remedy offered by the other forum is clearly unsatisfactory," such as "where the alternative forum does not permit litigation of the subject matter of the dispute").[2]

Nor did the district court clearly abuse its discretion in concluding that the balance of relevant public and private interest factors weighs heavily in favor of trying appellants' cases in Malaysia. The relevant public interest factors include, *inter alia*, the "'administrative difficulties' when 'litigation is piled up in congested centers,'" the "'local interest in having localized controversies decided at home,'" and the desire to avoid requiring a court to "'untangle problems in conflict of laws, and in law foreign to itself.'" *Shi v. New Mighty U.S. Tr.*, 918 F.3d 944, 952 (D.C. Cir. 2019) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). The private interest analysis, on the other hand, focuses on "'the relative ease of access to sources of proof,'" the costs and procedural

---

[2] In his discussion of the public interest factors governing the *forum non conveniens* analysis, Appellant Wood argues that his difficulty in securing the counsel of his choice in Malaysia "casts doubt on whether Malaysia constitutes an adequate, alternative forum." Neither Wood nor any of the Podhurst Appellants raised this argument in the proceedings below. Thus, to the extent this passing reference can be construed as a standalone challenge to Malaysia's adequacy as an alternative forum, that challenge has been forfeited. *See Manitoba*, 923 F.3d at 179.

mechanisms required to secure the attendance of witnesses, and "'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 950 (quoting *Gilbert*, 330 U.S. at 508).

The district court found that Malaysia's public interest in hearing claims arising out of Flight MH370's disappearance far outweighs that of the United States, even as to the tort claims asserted against U.S.-based manufacturer Boeing. The district court further held that the private interest factors tilt strongly in favor of trying these cases in Malaysia, given the overwhelming amount of evidence and witnesses located in Malaysia and the potentially insurmountable challenges that would arise from attempting to make that evidence available in a United States court.

We affirm on substantially the same grounds provided in the district court's well-reasoned opinion, but pause here to address two points raised by appellants. The first relates to the degree of deference the district court applied to the various appellants. As the court recognized, the starting point for the *forum non conveniens* analysis is "a strong presumption in favor" of a plaintiff's chosen forum. *Simon v. Republic of Hungary*, 911 F.3d 1172, 1182 (D.C. Cir. 2018) (quoting *Piper Aircraft*, 454 U.S. at 255–56). But the precise degree of deference afforded a plaintiff's forum choice varies depending on the plaintiff's connection to the forum. A plaintiff who chooses to sue in his home forum receives the strongest presumption, whereas a foreign plaintiff with minimal or no connections to the United States is entitled to less deference. *Piper Aircraft*, 454 U.S. at 256. Accordingly, the district court afforded Appellant Wood, as a U.S. citizen and resident representing a U.S. citizen decedent, "the highest

degree of deference" and tailored its analysis of the remaining appellants' interests in having their claims heard in the United States to their particular circumstances. *In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d at 45.

On appeal, the foreign appellants contend that the district court erroneously refused to afford any deference at all to their decision to sue in the United States. They also criticize the district court for failing to specify the precise degree of deference it applied to them, claiming that "[t]his omission, in and of itself, was reversible error." These arguments rest on a fundamental misconception of what the *forum non conveniens* analysis requires. Indeed, this Court has stressed that "applying the correct burden of proof is not a box-checking exercise." *Simon*, 911 F.3d at 1185. What matters is not the particular words a district court uses but whether the court's analysis fits the proper standard.

Here, the district court's analysis reflected a careful consideration of the foreign appellants' interests in trying these cases in the United States and a thoughtful balancing of the public and private interest factors with respect to those individuals specifically. Moreover, as already noted, the district court correctly recognized that Appellant Wood was entitled to the greatest degree of deference. Because the court concluded that even Wood's substantial interest in trying these claims in the United States could not overcome the significant evidentiary problems posed by proceeding in a U.S. court, it necessarily followed that the foreign appellants—who were concededly entitled to less deference than Wood—could not succeed in showing that the balance of interests weighed in favor of maintaining their claims here. We find no reversible error in the district court's reasoning

regarding the appropriate levels of deference afforded to appellants' claims.

Second, appellants argue that the district court erred by first declining to reach the separate sovereign immunity challenges raised by MAS/MAB and then relying on the existence of potentially "intractable immunity questions" as a justification for its *forum non conveniens* dismissal. According to appellants, this analysis was inconsistent with *Sinochem*, under which a court may elect to grant a motion for *forum non conveniens* while "bypassing" threshold issues relating to the court's subject matter jurisdiction. *See* 549 U.S. at 432.

As an initial matter, appellants incorrectly suggest that the district court treated MAS/MAB's immunity challenges under the FSIA "as granted for purposes of its *forum non conveniens* analysis." Nor did the court impermissibly "leapfrog" the immunity questions and then rely on the same unresolved immunity issues to deny appellants their chosen forum. Instead, the district court merely conducted a preliminary assessment of MAS/MAB's immunity claims and concluded that "[t]he potential of intractable immunity questions that might stymie Boeing's ability to implead other defendants raises the prospect of precisely the kind of oppressive and vexatious outcome that *forum non conveniens* dismissal is designed to avoid." *In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d at 53 (citation omitted). Nothing in *Sinochem* requires district courts to conclusively determine whether a defendant enjoys sovereign immunity before considering immunity as a relevant factor in its *forum non conveniens* analysis. Here, Boeing and MAS/MAB raise serious arguments regarding MAS/MAB's likely immunity,

and it was entirely proper for the district court to recognize that serious jurisdictional questions exist and weigh that as a factor in favor of dismissal.

In addition, appellants argue that the district court placed undue weight on sovereign immunity concerns as a private interest factor favoring dismissal. The district court's opinion, however, makes clear that it considered *all* relevant circumstances, including the potential immunity issues, and concluded that "*taken as a whole*, the private interest factors favor dismissal of these claims." *In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d at 53 (emphasis added). *Sinochem* imposes no bar on a district court's ability to acknowledge the existence of meaningful jurisdictional questions in determining whether "a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *See Sinochem*, 549 U.S. at 425. Thus, appellants' *Sinochem*-based challenges also fail.

\* \* \*

In considering appellees' motion to dismiss for *forum non conveniens*, the district court carefully weighed the relevant public and private interest factors and reasonably concluded that Malaysia is a more convenient forum to try appellants' claims. Because we find no "clear abuse of discretion" in the district court's reasoning, we affirm.

*So ordered.*