******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOSEPH DECICCO, ADMINISTRATOR (ESTATE OF NANCY LOYD OLAIVAR ABAD), ET AL. *v*. DYNATA, LLC, ET AL.
## (SC 21064)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

### *Syllabus*

The plaintiffs brought an action in Connecticut to recover damages from the defendants, D Co., a Connecticut limited liability company and two of its officers, for, inter alia, the wrongful death of certain individuals who died in a building fire in the Philippines. The trial court granted the defendants' motion to dismiss the plaintiffs' action on the ground of forum non conveniens, concluding that the Philippine courts served as an adequate alternative forum for the plaintiffs' action. The trial court rendered judgment dismissing the plaintiffs' action but conditioned its dismissal on the plaintiffs being allowed to restore their action in Connecticut if the Philippine courts ultimately dismissed the action for lack of jurisdiction. The plaintiffs thereafter appealed to the Appellate Court, which affirmed the trial court's judgment of dismissal. On the granting of certification, the plaintiffs appealed to this court, claiming, inter alia, that the Appellate Court incorrectly concluded that the trial court had applied the correct legal standard in concluding that the Philippines was an adequate alternative forum for the plaintiffs' action. *Held*:

The Appellate Court correctly concluded that the trial court had applied the correct legal standard set forth in *Picketts* v. *International Playtex*, *Inc.* (215 Conn. 490) in determining whether the Philippines was an adequate alternative forum for the plaintiffs' action.

Moreover, there was no merit to the plaintiffs' claim that the trial court had dismissed their action solely on the basis of the defendants' consent to submit to the jurisdiction of the Philippine courts, as the trial court properly undertook a meaningful assessment of whether the Philippines was an adequate alternative forum by weighing the parties' competing affidavits submitted in connection with the defendants' motion to dismiss.

Furthermore, the trial court properly made its dismissal contingent on the defendants' stipulation that they would agree to defend the action that the plaintiffs bring in the Philippines and that they would not oppose the plaintiffs' reinstatement of the Connecticut action should it become necessary in the event of a dismissal of the case by a Philippine court.

Argued November 5, 2025—officially released January 27, 2026

Action to recover damages for, inter alia, the wrongful death of the plaintiffs' decedents as a result of the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Waterbury and transferred to the Complex Litigation Docket, where the court, *Bellis, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiffs appealed to the Appellate Court, *Alvord, Elgo* and *Seeley, Js.*, which affirmed the trial court's judgment, and the plaintiffs, on the granting of certification, appealed to this court. *Affirmed*.

*Michael S. Taylor*, with whom were *Brendon P. Levesque* and, on the brief, *Welson T. Chu*, pro hac vice, and *Thomas P. Routh*, pro hac vice, for the appellants (plaintiffs).

*Scott Stirling*, pro hac vice, with whom was *James E. Nealon*, for the appellees (defendants).

*Opinion*

D'AURIA, J. This certified appeal arises out of a tragic fire at a call center facility in the Philippines that resulted in the death of twenty-nine people. The plaintiffs[1] appeal from the Appellate Court's judgment affirming the trial

---

[1] There are seven plaintiffs in this case. The plaintiffs are Attorney Joseph DeCicco, administrator of the estates of twenty-nine Philippine citizens, Jehmar Bongcayao, Moses B. Castillo, Sylvester B. Celades, Guidhavio C. Garzon, Jexter D. Generales, and Cecilline Sismar. The twenty-nine deceased individuals, who are named as parties via their estates, are Nancy Loyd Olaivar Abad, Ian Kiem Porras Adlawan, Christine Cajes Alviola, Roderick Cutay Antipuesto, Shiela Mae Anod Bacaling, Randy Balando Balcao, Kurtchin Angela Yumo Bangoy, Jonas Oroyan Basalan, Mary Louielyn Maningo Bongcayao, Alexandra May Moreno Castillo, Apple Jane Abes Celades, Antioco Esguerra Celestial, Jr., Roderick Cabugsa Constantinopla, Mikko Salazar Demafeliz, Christen Joy Ibañez Garzon, Regine Alcano Generales, Jimbo Lupos Limosnero, Charlyn Relacion Liwaya, Johanie Undagan Matondo, Rosyl Chavez Montañez, Rhenzi Nova Duco Muyco, Janine Joy Culipapa Obo, Joyne Ramayla Pabelonia, Analiza Mosquera Peñarijo, Jim Benedict Sazon Quimsing, Ivan Nebelle Limosnero Roble, Jeffrey Cabantingan Sismar, Ellen Joy Dawa Yorsua, and Desiree Gayle Aperocho Zacarias.

court's granting of the motion to dismiss filed by the defendants, Dynata, LLC (Dynata), Christopher Mark Fanning, and David Ian Weatherseed, on the ground of forum non conveniens. The plaintiffs claim that the Appellate Court incorrectly concluded that the trial court had applied the correct legal standard and failed to meaningfully assess the suitability of the Philippines as an adequate alternative forum to litigate this case. We affirm the Appellate Court's judgment.

The Appellate Court's opinion aptly recites the facts and procedural history required to resolve this appeal; see *DeCicco* v. *Dynata, LLC*, 225 Conn. App. 725, 317 A.3d 223 (2024); which we summarize along with other undisputed facts in the record. The plaintiffs brought this action for wrongful death and loss of consortium on behalf of the twenty-nine adults who died on December 23, 2017, from carbon monoxide poisoning and asphyxiation as a result of a four-story building fire at a call center in Davao City, Philippines. The decedents worked at the call center as employees of SSI Philippines, Inc. (SSI), providing telephone, survey, polling, and data collection services for Dynata, a Connecticut limited liability company. Fanning was the president and chief executive officer of Dynata and a director and shareholder of SSI. Weatherseed was the controller of Dynata and a director and shareholder of SSI.

The defendants moved to dismiss the plaintiffs' complaint on the ground of forum non conveniens. The defendants argued that the Philippines is the proper forum to resolve these claims because they stipulated[2]

---

[2] The defendants stipulated "that upon dismissal of this suit, they will (1) consent to jurisdiction in the Philippines; (2) accept service of process in connection with an action in the Philippines; (3) make their personnel and records available for litigation in the Philippines; (4) waive any applicable statutes of limitation[s] in the Philippines up to six months from the date of dismissal of this action or for such other reasonable time as may be required as a condition of dismissing this action; (5) satisfy any judgment that may be entered against them in the Philippines; and (6) consent to the reopening of the action in Connecticut in the event the above conditions are not met as to any proper defendant in this action."

that they would submit to jurisdiction, accept service of process, and litigate this dispute in the Philippines. The defendants supported their motion with the affidavit of Francisco Edralin Lim, a law professor and attorney admitted to the Philippine bar. Lim opined that the Philippines is the proper forum for this dispute because the relevant evidence is in the Philippines, all of the alleged acts that form the basis of the plaintiffs' claims took place in the Philippines, and most of the parties and the potential witnesses are based in the Philippines, including the plaintiffs themselves. Lim further stated that the plaintiffs could bring an action for damages against the defendants in the Philippines, many of the plaintiffs already have received civil settlements stemming from the fire in the Philippines, and the Philippines is the only forum where all potentially liable parties can be joined. Lim specifically detailed Philippine cases and rules that supported his opinion.

In opposition, the plaintiffs argued that the Philippines is not an adequate alternative forum because a Philippine court would dismiss their action sua sponte as barred by the statute of limitations. The plaintiffs submitted an affidavit from Elizabeth Aguiling-Pangalangan, a law professor and attorney also admitted to the Philippine bar. Citing Philippine court rules and cases, Aguiling-Pangalangan opined that the applicable statute of limitations has expired. She further stated that a waiver of the statute of limitations would be against Philippine public policy and that a Philippine court would, sua sponte, dismiss any action filed in the Philippines.

Along with their reply memorandum, the defendants submitted a supplemental affidavit from Lim. Lim maintained that the statute of limitations in the Philippines had not expired and that "neither the defendants nor the court sua sponte could raise the statute of limitations as a defense." He stated that a Philippine court would recognize the defendants' affirmative waiver of the statute of limitations and hear the plaintiffs' action. He elaborated, stating that the running of the Philippines'

statute of limitations was interrupted or tolled by the filing of this action in Connecticut.

The trial court granted the defendants' motion to dismiss, issuing a memorandum of decision that recounted the conflicting affidavits, analyzed each of the six private interest factors contained in *Durkin* v. *Intevac, Inc.*, 258 Conn. 454, 467, 782 A.2d 103 (2001), and weighed other practical considerations. The court explained that it exercised its discretion to dismiss the case because it had determined that the Philippine court was an adequate alternative forum. The trial court conditioned its dismissal by allowing the plaintiffs to restore this action to the court's docket in Connecticut if the Philippine court dismisses the case for lack of jurisdiction.

The Appellate Court upheld the trial court's dismissal. See *DeCicco* v. *Dynata, LLC*, supra, 225 Conn. App. 744. It rejected the plaintiffs' claim that the trial court had applied the wrong test to determine whether the Philippines was an adequate alternative forum. See id., 734, 737. It explained that the plaintiffs had misinterpreted the trial court's decision and that the trial court had meaningfully assessed and determined that the Philippines was an adequate alternative forum. See id., 734, 737, 743–44 This certified appeal followed.

Although courts are generally solicitous of a plaintiff's choice of forum, this preference is not without its limitations, the doctrine of forum non conveniens being one. See, e.g., *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 465. "As a [common-law] matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) Id., 463–64. The "central principle of the forum non conveniens doctrine" is that "[t]he [plaintiffs'] choice of forum, which may well have been chosen precisely because it provides the plaintiff[s] with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant[s]." (Internal quotation marks omitted.) Id.,

464–65. "[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the [plaintiffs'] chosen forum. The question to be answered is whether [the plaintiffs'] chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." (Internal quotation marks omitted.) Id., 465.

When considering whether the chosen forum is "'inappropriate or unfair'"; id., 465; a court must undertake a four step analytical process. See, e.g., *Picketts* v. *International Playtex, Inc.*, 215 Conn. 490, 497, 576 A.2d 518 (1990). "First, the court should determine whether an adequate alternative forum exists that possesses jurisdiction over the whole case. . . . Second, the court should consider all relevant private interest factors . . . . Third, if the balance of private interest factors is equal, the court should consider whether any public interest factors tip the balance in favor of trying the case in the foreign forum. . . . Finally, if the public interest factors tip the balance in favor of trying the case in the foreign forum, the court must . . . ensure that [the] plaintiffs can reinstate their [action] in the alternative forum without undue inconvenience or prejudice." (Citations omitted; internal quotation marks omitted.) *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 466. A defendant bears the burden of establishing that an adequate alternative forum exists and that the relevant factors favor litigating in that forum. See, e.g., *Picketts* v. *International Playtex, Inc.*, supra, 502; see also *Owens* v. *Türkiye Halk Bankasi A.S.*, Docket No. 21-610-cv, 2023 WL 3184617, *3 (2d Cir. May 2, 2023), cert. denied,    U.S.    , 144 S. Ct. 551, 217 L. Ed. 2d 293 (2024).

The dispute in this case turns on the first step, namely, whether the Philippines constitutes an adequate alternative forum to resolve the parties' dispute.[3] "[I]dentifying

---

[3] The Appellate Court also disagreed with the plaintiffs' claim that the trial court, even if it had applied the correct legal standard in determining whether the Philippines constituted an adequate alternative forum, had abused its discretion by dismissing the case on forum non

an alternate forum is a prerequisite for dismissal, not a factor to be balanced. If there is no suitable alternate forum where the case can proceed, the entire inquiry ends." *Associação Brasileira de Medicina de Grupo* v. *Stryker Corp.*, 891 F.3d 615, 619–20 (6th Cir. 2018). In *Picketts*, we explained that, "[b]ecause the doctrine of forum non conveniens is not jurisdictional, any inquiry into its applicability presupposes at least two forums in which the defendant[s] [are] amenable to process. . . . The court, as a threshold matter, must therefore decide whether an adequate alternative forum exists. . . . Ordinarily, the alternative forum prerequisite will be satisfied simply if the defendants are amenable to service in another jurisdiction. . . . [But, there are] at least some instances in which mechanical inquiry into the amenability of process in the other forum must surrender to a more meaningful assessment of the *suitability* of the alternative forum." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Picketts* v. *International Playtex, Inc.*, supra, 215 Conn. 504 n.13. These rare instances include "where the differences in substantive law are so severe that the inadequate remedy provided by the alternative forum effectively precludes any remedy at all." Id., 505–506; see also, e.g., *Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 254 n.22, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) (threshold requirement of adequate alternative is not met in rare circumstances in which other forum does not permit any litigation of subject matter of legal controversy).

Here, the defendants have stipulated that they will accept service of process and litigate this dispute in the Philippines. This concession ordinarily would end the threshold inquiry. The plaintiffs, however, contend that the Philippines is not an adequate alternative forum because their legal expert witness posits that, despite the defendants' concession, a Philippine court would

conveniens grounds. See *DeCicco* v. *Dynata, LLC*, supra, 225 Conn. App. 738–44. That issue is outside the scope of our review of the Appellate Court's judgment. See *DeCicco* v. *Dynata, LLC*, 350 Conn. 916, 325 A.3d 215 (2024).

dismiss the action sua sponte as barred by the statute of limitations. The plaintiffs' challenge as to whether they could obtain any remedy in the Philippines is one of those rare instances that trigger the trial court's obligation to engage in a meaningful assessment of the suitability of the Philippines as an alternative forum. See, e.g., *Norex Petroleum Ltd.* v. *Access Industries, Inc.*, 416 F.3d 146, 159 (2d Cir. 2005) ("'an adequate forum does not exist if a statute of limitations bars the bringing of [a] case' in a foreign forum that would be timely in the United States"), cert. denied sub nom. *Tyumen Oil Co.* v. *Norex Petroleum Ltd.*, 547 U.S. 1175, 126 S. Ct. 2320, 164 L. Ed. 2d 860 (2006).

The issue before us, therefore, is whether the trial court complied with *Picketts* and meaningfully assessed whether a Philippine court would dismiss the plaintiffs' action as barred by the statute of limitations. We ordinarily review for abuse of discretion the trial court's ultimate dismissal of an action on the ground of forum non conveniens. See, e.g., *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 463. But the plaintiffs do not contest whether the trial court properly exercised its discretion to "decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) Id., 463–64; see also *State* v. *Smith*, 289 Conn. 598, 617, 960 A.2d 993 (2008) (standard of review hinges on specific nature of claim presented). Instead, the plaintiffs challenge whether the trial court applied the correct legal standard when it determined whether an adequate alternative forum existed, which is a question of law subject to plenary review. See, e.g., *Nationwide Mutual Ins. Co.* v. *Pasiak*, 346 Conn. 216, 227, 288 A.3d 615 (2023); *Pfister* v. *Madison Beach Hotel, LLC*, 341 Conn. 702, 716, 267 A.3d 811 (2022).

As the Appellate Court correctly held, to make this determination, we must interpret the trial court's memorandum of decision. *DeCicco* v. *Dynata*, *LLC*, supra, 225 Conn. App. 734. "As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of

the court as gathered from all parts of the judgment." (Internal quotation marks omitted.) *Wheelabrator Bridgeport, L.P.* v. *Bridgeport*, 320 Conn. 332, 355, 133 A.3d 402 (2016); see also *Olson* v. *Mohammadu*, 310 Conn. 665, 682, 81 A.3d 215 (2013) (same rule applies to "memoranda of decision" or "opinions"). "Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Wheelabrator Bridgeport, L.P.* v. *Bridgeport*, supra, 355. Finally, "in the absence of some clear indication to the contrary, we presume that the trial court applied the correct legal standard." *In re Annessa J.*, 343 Conn. 642, 676, 284 A.3d 562 (2022).

In its discussion of whether the Philippines is an adequate alternative forum, the trial court exhaustively outlined the parties' positions on whether the plaintiffs could bring their action in the Philippines. Although the court recognized that the defendants had consented to suit in the Philippines, it proceeded to assess whether the plaintiffs could properly bring the action there. It appreciated fully the plaintiffs' contention that the statute of limitations would bar an action in the Philippines and the defendants' counterargument that it would not. The court then quoted the full *Picketts* legal standard requiring that it undertake a more meaningful assessment of the suitability of the Philippines in this case, and it outlined and considered each of the legal opinions that the parties had respectively submitted through Lim's and Aguiling-Pangalangan's affidavits. In particular, the court recited the provisions of the Philippines codes of law that Lim used to support his opinion.

The trial court then relied on *Schertenleib* v. *Traum*, 589 F.2d 1156 (2d Cir. 1978), in which the United States Court of Appeals for the Second Circuit upheld the dismissal of an action on forum non conveniens grounds when faced with conflicting expert opinions regarding whether the foreign court had jurisdiction over the matter. See id., 1163. In that case, the defendants had consented to jurisdiction in the foreign court, and the

District Court conditionally dismissed the action, permitting the plaintiffs to restore the action in the United States court if the foreign court declined to exercise jurisdiction. See id., **1166.** Facing the practicalities head-on, the Second Circuit stated that, "[w]hen the alternative forum is foreign . . . our courts have difficulty discerning whether a [nonresident] defendant really would be subject to jurisdiction in the foreign country without his consent. Indeed, the court may receive conflicting expert opinions on this issue. If the defendant consents to suit in the foreign alternate forum, and if that appears to be sufficient under the foreign law, why waste the litigants' money and the court's time in what is essentially an unnecessary and difficult inquiry into the further intricacies of foreign jurisdictional law?" Id., **1163.**

At the end of its adequate alternative forum analysis, the trial court in the present case held that "the defendants have agreed to submit to jurisdiction in the Philippines. While there is conflicting evidence as to whether that is sufficient for the Philippine court to take jurisdiction, *the court finds that the Philippine court is an adequate alternative forum.* Accordingly, the court may dismiss this case on forum non conveniens grounds *because it finds that the Philippines is an adequate alternative forum*, the defendants have agreed to jurisdiction there, and, in the event that the Philippine court dismisses the case for lack of jurisdiction, the plaintiffs can move to restore the action in this court." (Emphasis added.)

We agree with the Appellate Court that the trial court correctly applied *Picketts*. The trial court did more than mechanically accept the defendants' consent to service in the Philippines. The plaintiffs acknowledge that the trial court expressly recounted the correct standard from *Picketts* and agreed that it needed to look beyond the defendants' consent to litigating the parties' dispute in the Philippines. The trial court obviously considered the parties conflicting submissions, including their competing affidavits and the law cited by those experts to support their opinions. Although the court did not

expressly credit Lim's opinion, it is evident from its decision that it did so when it found that the Philippines was an adequate alternative forum. See, e.g., *Chabad Lubavitch of Western & Southern New England, Inc.* v. *Shemtov*, 349 Conn. 695, 710, 321 A.3d 1107 (2024). In short, the trial court properly undertook a meaningful assessment of whether the Philippines was an adequate forum by weighing the parties' competing affidavits—including Lim's two affidavits and the Philippine law he cited—and ultimately finding that the Philippines was an adequate alternative forum.[4] See, e.g., *Bank of Credit & Commerce International (Overseas) Ltd*. v. *State Bank of Pakistan*, 273 F.3d 241, 247–48 (2d Cir. 2001) (court making adequate alternative forum determination must closely examine all submissions and cite to supporting evidence in record); cf. *Deb* v. *SIRVA, Inc.*, 832 F.3d 800, 812 (7th Cir. 2016) (vacating alternative forum determination based on District Court's mere belief, without evidence, expert testimony or concession to jurisdiction, and remanding case for further proceedings). Contrary to the plaintiffs' assertions, the trial court did not dismiss this action based solely on the defendants' consent to litigate in the Philippines.

The plaintiffs contend that the trial court incorrectly applied *Schertenleib* by relying exclusively on the defendants' consent to litigate in the Philippines instead of meaningfully assessing whether the Philippines was in fact a suitable alternative forum. But that contention does not accurately describe either what *Schertenleib* holds or what the trial court did. As the trial court noted, the court in *Schertenleib* concluded that, when faced with conflicting expert opinions, it would be a waste of judicial resources to make the unnecessary and difficult inquiry into the intricacies of foreign jurisdictional law "[i]f the defendant consents to suit in the foreign

---

[4] We agree that it would have been better for the trial court to specify in greater detail how it assessed the suitability of the Philippines as a forum for this case, and we encourage trial courts to articulate in detail the reasons underlying their adequacy findings. We are convinced that the trial court conducted the required assessment here.

alternate forum, *and if that appears to be sufficient under the foreign law . . . .*" (Emphasis added.) *Schertenleib* v. *Traum*, supra, 589 F.2d 1163. The court further held that "[t]he ultimate disposition of the question is in the hands of the [court], *not the consenting defendant's.*" (Emphasis added.) Id., 1163–64. The Second Circuit ultimately upheld the District Court's dismissal on the ground of forum non conveniens on the basis of expert testimony that the defendant could be subject to jurisdiction in the foreign forum if the defendant consented to jurisdiction there and the District Court's application of the relevant factors in determining that the foreign forum was an adequate alternative. See id., 1160, 1166.

Thus, under *Schertenleib*, a court must still assess whether a defendant's consent would be sufficient for a foreign forum to have jurisdiction over the case. Id. This comports with *Picketts*, which requires a trial court to look beyond mere consent and assess the suitability of the adequate forum when the alternative forum's jurisdiction is in question. See *Picketts* v. *International Playtex, Inc.*, supra, 215 Conn. 504 n.13. That is precisely what the trial court did here. The trial court first noted the defendant's stipulation to waive its statute of limitations defense, but it did not stop there. The trial court went on to describe affidavits of the parties' competing experts in assessing whether a Philippine court would accept the defendants' stipulation and not dismiss the case, siding with Lim's opinion that the defendants had effectively waived their statute of limitations defense for purposes of the jurisdiction of the Philippine court.

Furthermore, the *Picketts* standard does not mandate that a trial court conclusively decide whether the Philippines' statute of limitations would bar this action. A court must consider whether the affidavits in support of the foreign jurisdiction establish the adequacy of that forum in a nonconclusory manner that addresses the specific factual and legal circumstances of the case before the court, and the court must address any points raised to the contrary in an opposing affidavit. See, e.g., *WE Charity* v. *Canadian Broadcasting Corp.*, 679 F.

Supp. 3d 1, 15–17 (D.D.C. 2023); *RIGroup LLC* v. *Trefonisco Management Ltd.*, 949 F. Supp. 2d 546, 553–55 (S.D.N.Y. 2013), aff'd, 559 Fed. Appx. 58 (2d Cir. 2014); *Technology Development Co., Ltd.* v. *Onischenko*, 536 F. Supp. 2d 511, 519–20 (D.N.J. 2007). A forum non conveniens determination is preliminarily made at the outset of a case and is not meant to be a full resolution on the merits of the case. See, e.g., *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 472; see also *Union Carbide Corp.* v. *Aetna Casualty & Surety Co.*, 212 Conn. 311, 321, 562 A.2d 15 (1989). It would be inconsistent with the preliminary nature of that inquiry to "requir[e] extensive investigation" or "substantial discovery before dismissing an action so that it can be reinstituted elsewhere." (Internal quotation marks omitted.) *Durkin* v. *Intevac, Inc.*, supra, 472.

Although predicting how a foreign court would rule is fraught with risk and uncertainty; see, e.g., *Conte* v. *Flota Mercante del Estado*, 277 F.2d 664, 667 (2d Cir. 1960) ("try as we may to apply the foreign law as it comes to us through the lips of the experts, there is an inevitable hazard that, in those areas, perhaps interstitial but far from inconsequential, where we have no clear guides, our labors, moulded by our own habits of mind as they necessarily must be, may produce a result whose conformity with that of the foreign court may be greater in theory than it is in fact"); a conditional dismissal is not a substitute for a trial court's full review and analysis of the foreign law and the adequacy of the forum. And although an adequate forum determination "may be resolved on affidavits presented by the parties"; *Van Cauwenberghe* v. *Biard*, 486 U.S. 517, 529, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988); see *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 458, 466 (upholding trial court's forum non conveniens determination that was based on conflicting affidavits); see also *AdvanFort Co.* v. *Zamil Offshore Services Co.*, 134 F.4th 760, 775 (4th Cir. 2025) (parties' conflicting affidavits provided sufficient information for court to make adequate alternative forum determination), cert. denied,     U.S.    ,

S. Ct.   ,   L. Ed. 2d   (2026); *WE Charit*y v. *Canadian Broadcasting Corp.*, supra, 679 F. Supp. 3d 17 (resolving whether foreign court would accept defendant's waiver of statute of limitations based on conflicting affidavits); a trial court must reach a justifiable belief that the foreign forum is adequate. See, e.g., *Bank of Credit & Commerce International (Overseas) Ltd.* v. *State Bank of Pakistan*, supra, 273 F.3d 247–48 (conditional dismissal is not substitute for District Court's examination of parties' submissions and justifiable belief in existence of adequate alternative forum).

Because the adequate alternative forum determination is both preliminary and uncertain in these rare cases in which a foreign forum's jurisdiction is challenged, requiring a conditional dismissal based on a defendant's stipulation is often appropriate when it is supported by competent and persuasive evidence. See, e.g., *Durkin* v. *Intevac, Inc.*, supra, 258 Conn. 480–81 and n.23 (making dismissal contingent because defendant stipulated both to service in foreign jurisdiction and to reopening action in local forum if necessary); *Figueiredo Ferraz E Engenharia de Projeto Ltda.* v. *Peru*, 665 F.3d 384, 393–94 and n.12 (2d Cir. 2011) (same); *USHA (India), Ltd.* v. *Honeywell International, Inc.*, 421 F.3d 129, 136 (2d Cir. 2005) (same); *Schertenleib* v. *Traum*, supra, 589 F.2d 1161–63 (same). The purpose of the conditional dismissal is to ensure that, in circumstances in which the trial court remains concerned about its adequate forum determination, the plaintiffs retain a remedy in at least one venue while allowing the foreign jurisdiction, which is often best suited to apply its own law, to first decide whether the action can proceed there. See, e.g., *Mills* v. *Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8, 14 (D.C. 1986). Under these circumstances, the trial court in the present case properly made its dismissal contingent on the defendants' stipulation that the plaintiffs may bring this action in the Philippines and that the defendants would not oppose the plaintiffs' reinstatement of the Connecticut action if it becomes necessary. See footnote 2 of this opinion; see also *Durkin* v. *Intevac, Inc.*, supra,

480–81 and n.23. As we stated, a defendant's stipulation alone will not suffice to render an alternative forum adequate, and a trial court must meaningfully assess the parties' submissions to decide the adequacy of the foreign jurisdiction. We conclude that the Appellate Court correctly determined that the trial court performed that assessment here.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.